THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. W. J. SMITH.

No. 743.* (63 Pac. 294.)

EMPLOYER AND EMPLOYEE—*Railroads—Negligence—Scope of Employment.* Where a section foreman and his subordinate, in the employ of a railway company, are in the habit of carrying a gun upon a hand-car, without the knowledge, direction or consent of their superiors in the employ of such corporation, for the purpose of their own amusement in shooting rabbits, birds, and game, and through an accident or carelessness of the section foreman his assistant is injured by the discharge of such gun, in some manner unknown to the injured party, there can be no recovery against the railway company for such injury. An employer is not liable for the acts of his employee if such acts are not authorized by the former or done by the latter in the discharge of some duty or obligation to his superior.

Error from Morris district court; O. L. MOORE, judge. Opinion filed January 1, 1901. Reversed.

STATEMENT.

ON the 15th day of December, 1897, the defendant in error received a gun-shot wound in his right leg, which resulted in the leg being amputated, and he brought an action against the plaintiff in error, defendant below, to recover the damages resulting from such injury. The defendant's answer contained (1) a general denial; (2) an admission that the defendant

*Petition for order to certify denied by supreme court January 11, 1901.—REP.

received a slight injury by a gun-shot, but denying that the injury was caused by or was the result of any carelessness or negligence on the part of the defendant, or any of its agents, servants, or employees, other than plaintiff, and averring that the injury was caused by and was the result of plaintiff's own carelessness and negligence; (3) an admission that George Meadows was section foreman, authorized to employ and discharge men, and to order, direct and control the action and movement of the men and servants of the defendant on the hand-car and section; and (4) averments that at all times stated in the petition, and prior thereto, the plaintiff then knew that the gun was upon the hand-car, and had been and was then being carried thereon; that plaintiff, with full knowledge of that fact, and of the risks and dangers incident thereto and connected therewith, remained in the service and employment of the defendant and continued to work with and around the hand-car, well knowing that the gun was thereon, and thereby assumed all risks and dangers connected therewith from such gun. The reply was a general denial.

The case was tried to the jury, who returned a verdict in favor of the plaintiff for $1500, upon which the court gave judgment in his favor. The jury also returned special findings of fact. The railroad company filed its motion for judgment upon the special findings, which was overruled. The defendant, as plaintiff in error, presents the case to this court for review, and alleges that the trial court erred in overruling its motion for judgment upon the findings of fact and in rendering judgment for plaintiff.

*M. A. Low*, and *W. F. Evans*, for plaintiff in error.
*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: At the time of the injury, W. J. Smith, defendant in error, was in the employ of the railroad company as a section-hand, and one George Meadows was section foreman. On the date of the injury the foreman and defendant in error were the only men in the service on the section; they took the hand-car from the tool-house, placed it on the track and ran it south about a quarter of a mile, until the wind prevented their further progress. They then got off the car for the purpose of pushing it forward; as the defendant in error attempted to lift his shovel from the car to assist in pushing it forward, the foreman gave the car a shove and in some way the loaded gun that had been placed on the car exploded, injuring the plaintiff.

The defendant in error for some months previous had been in the employ of the railroad company as a section-hand; the section foreman and Smith were required to go over the track upon a hand-car once a day to see that the track was in proper condition. The hand-car was kept in the tool-house at night. The section men would go to the tool-house every morning, get the car, and go over the section. On the car were carried the tools, consisting of shovels, picks, crow-bars, bolts, etc., with which the men repaired and kept in proper condition the track. The evidence showed that the hand-car, the track and all of the tools used by the section men were at all times in question in first-class condition; that each of them was at the time of the accident managed, operated and controlled in a careful and proper manner, and in the same manner they had been handled, operated and controlled during all of the time that Smith had

worked for the company. The evidence further showed that the section men carried upon the hand-car a shot-gun, for their pleasure and amusement, to shoot rabbits and other game. The gun was the private property of Meadows, the foreman; it was not used or intended to be used by the men in performing their duties or work for the railroad company.

The special findings returned by the jury were as follows:

"Ques. 1. Did the plaintiff receive the injury of which he complains by being shot in the leg with the gun referred to in the evidence while it was on the hand-car? Ans. Yes.

"Q. 2. For what purpose was the said gun at the times shown by the evidence carried on the hand-car? A. For shooting game.

"Q. 3. What employees used said gun in shooting rabbits or other game while it was being carried on the hand-car—give names of all such employees? A. Meadows and Smith."

"Q. 15. Did any officer, agent or employee of the defendant other than the section foreman, Meadows, and the other section man who worked with him, know at any time before plaintiff was injured that the gun was being carried or was on the car? A. No evidence to show."

"Q. 17. Did the duty or work of Meadows and the other section men, or either of them, to or for the defendant, require that the gun should be carried on the hand-car? A. No."

"Q. 21. Was the gun furnished to or used by Meadows and the other section men or either of them to perform or in performing any act or duty for the defendant? A. No."

The railroad company filed its motion for judgment in its favor upon the special findings; this motion was overruled by the court and judgment rendered upon the verdict, to which action and ruling of the court the railroad company duly excepted.

The only question presented by the record and assignments of error is as to whether or not the court erred in overruling the railroad company's motion for judgment upon the special findings.

The defendant in error, in his petition, alleged in express terms "that the said gun was shot off and discharged in some way unknown to the plaintiff." The defendant in error testified upon the trial "that he did not know what caused the gun to go off." The evidence and findings show, without conflict, that the gun was not furnished to the section men, or either of them, in working or performing any act or duty for the railroad company; that it was not in the line or within the scope of the foreman's duty to furnish a gun, to carry or have one upon the hand-car, and that he did not, nor did either of the section men, have to carry it to do or perform any act or duty for the railroad company. The gun was carried upon the car for the pleasure of the section men, to enable them to shoot rabbits and other game. These facts were fully known to Smith, the defendant in error, or should have been known to him. He participated in handling, carrying and using the gun and in shooting game with it.

Upon the undisputed evidence and findings of the jury, the defendant in error cannot recover for the damages sustained. An employer is not liable for the act of his employee if such act was not authorized by the former or done by the latter in the discharge of some duty. Smith testified that the gun was carried on several different occasions prior to the date of his injury and on the day preceding his injury. The jury expressly found that the gun was the private property of Meadows, and was carried on the hand-car for shooting game; that it was used by Meadows,

the foreman, and Smith; that the duties and work of the section men did not require them to carry a gun; and that the gun was not carried for the purpose of being used in the discharge of their duties.

Upon the findings of fact, the court should have rendered judgment for plaintiff in error. The judgment will be reversed, and the cause remanded with direction that the trial court render judgment upon the special findings for plaintiff in error and against the defendant in error.